UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARITIME BUILDING OPERATING, CO., LLC, through MARITIME BUILDING MANAGER, LLC, its Tax Matters Partner** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-6112** |
| **UNITED STATES OF AMERICA through COMMISSIONER OF INTERNAL REVENUE** | **SECTION: C (5)** |

## ORDER AND REASONS

The instant action was filed by petitioner Maritime Building Operating Company ("MBOC") through its managing member, Maritime Building Manager, LLC ("MBM"). MBOC moves to quash a summons for records issued to Marcel Wiznia, manager of MBM, by the Commissioner of Internal Revenue. Rec. Doc. 1-1, at 1-5. Because the summons at issue constitutes a "first-party" summons and not a "third-party" summons, MBOC's petition to quash must be dismissed for lack of subject matter jurisdiction.

### I. Factual Background

According to MBOC's petition and supporting documents, on January 11, 2013, the IRS, through Agent Bruno Alonzo, advised MBOC that its 2010 U.S. Return of Partnership Income (form 1065) would be audited via correspondence. Rec. Doc. 1-1, at 6-7. With that letter, Agent Alonzo enclosed eight "Information Document Requests" ("IDRs"), seeking documents of asserted relevance to the audit. *Id.* at 8-15.

1

MBOC, through its attorneys, issued several responses to the eight IDRs. *Id.* at 16-33.[1] On August 2, 2013, the IRS, again through Agent Alonzo, issued a memorandum, advising MBOC of alleged deficiencies in its responses to multiple IDRs and requesting appropriate supplementation by August 16, 2013. *Id.* at 38-47. On August 13 and 16, 2013, MBOC responded with additional documents. *Id.* at 26-33.

On September 6, 2013, the IRS, this time through Nora Beltran, sent a "pre-summons letter" to the "TMP" or Tax Matters Partner of MBOC, demanding that MBOC update its response to IDR number 5 by September 10, 2013, or else a summons would be issued. *Id.* at 48-50. On September 9, 2013, MBOC sent a letter to Ms. Beltran explaining and reasserting the position it had taken in correspondence with Agent Alonzo with respect to the items requested in IDR 5. *Id.* at 51-54. The IRS, through the Commissioner of Internal Revenue, thereafter issued summons upon Mr. Wiznia, in his capacity as a manager of MBM, the TMP of MBOC, for the documents previously requested by IDR 5. *Id.* at 1.

The instant petition to quash from MBOC followed. In it, MBOC claims that the Commissioner has requested privileged information and that, apart from records covered by privileges, MBOC has already satisfactorily complied with the summons in its responses to IDR 5. MBOC also argues that much of what is requested by the Commissioner is not relevant to the issue sought to be addressed in the audit - the applicability of Historical Renovation Tax Credits to renovations claimed by MBOC on its 2010 partnership return. The Commissioner has not answered the petition.

**II. Statutory Scheme**

Under Title 26, United States Code, § 7602, the Secretary of the Treasury has authority to

---

[1] MBOC also attaches a letter to the IRS that is apparently unrelated to the audit for which the present summons was issued. *See* Rec. Doc. 1-1, at 34-46 (marked as "Exhibit H" to the petition). The letter purports to have been sent in response to IDRs issued in an entirely different audit.

summon persons to appear and to produce documents that are relevant or material to the Secretary's investigation and determination of liability for internal revenue tax. The Secretary further has the power to delegate this authority the Commissioner of Internal Revenue, 26 U.S.C. § 7803, which power the Secretary exercised prior to the issuance of the summons in this case. 26 C.F.R. § 301.7602-1(b).

The district court may exercise jurisdiction over administrative internal revenue summonses in only four circumstances. First, whenever any person neglects or refuses to comply with an IRS summons, a district court can, at the request of the IRS, order an attachment on a person "as for contempt," provided the person resides or is found for an attachment within the district. 26 U.S.C. § 7604. The taxpayer has the right to intervene in such an enforcement proceeding. *Id.* § 7609(b)(1). Second, under § 7609(h)(1), when the summons is issued directly to a third party, the district court for the district within which the third party resides or is found, may, on the petition of the taxpayer, quash the summons issued. *See id.* § 7609(b)(2)(A); *see also Masat v. United States*, 745 F.2d 985, 987 (5th Cir. 1984) (reviewing the history of § 7609). In that circumstance, the IRS may reciprocally seek enforcement of its summons, and the record keeper may intervene. 26 U.S.C. § 7609(b)(2)(A), (C). Finally, § 7609(h)(1) grants the district court subject matter jurisdiction over *ex parte* and John Doe summonses before they are issued.

### III. Discussion

MBOC has attempted to invoke jurisdiction under § 7609(h), which incorporates the taxpayer's right to quash summons under subsection (b)(2). Rec. Doc. 1, at 1. However, subsection (h)'s grant of jurisdiction remains subject to general restrictions placed on the entirety of § 7609 by subsection (c). Subsection (c)(2)(A) states that no part of § 7609 shall apply to any summons "served on the person with respect to whose liability the summons is issued, or any officer or employee of such person." MBOC, as a limited liability company, is a "person" within

3

the meaning of the Internal Revenue Code. 26 U.S.C. § 7701(a)(1). Therefore, this Court will have no subject matter jurisdiction over the summons at issue if it was (1) issued with respect to MBOC's liability and (2) served on MBOC, or its "officer or employee."

The summons was clearly issued with respect to MBOC's liability. It was listed as the taxpayer under audit on the summons and the rest of the correspondence related to the audit. *See* Rec. Doc. 1-1, at 1.

The thornier question, perhaps, is whether the summons was served on MBOC, or its "officer or employee." The pleading and attachments show that the summons was delivered to Marcel Wiznia, in his capacity as the Managing Member of MBM, which is in turn the Tax Matters Partner ("TMP") and Managing Member of MBOC. *Id.* at 1, 16-17; Rec. Doc. 1, at 1-2. According to the Internal Revenue Code and regulations, a TMP must be a general partner either during the taxable year for which a given return is filed or at the time the TMP designation is made. 26 U.S.C. § 6231; 26 C.F.R. § 301.6231(a)(7)-1(b). MBM has instituted this lawsuit on behalf of MBOC, implying a wide-ranging authority to act on its behalf. MBOC has also stated in its responses to the IDRs that MBOC conducted no partner meetings and had no management, executive, and/or operating agreements, reinforcing the inference of robust authority to act. Rec. Doc. 1-1, at 26.

Whether the summons was served on MBOC or its "officer or employee" given this factual background depends on the meaning applied to those terms. The Code does not define "employee" as it relates to § 7601, *et seq*. *See* 26 U.S.C. § 7701(a)(20). Authorities published around the time of § 7609's enactment refer to compensated work on behalf of an employer in their definitions. *See* An Act to reform the tax laws of the United States, Pub. L. No. 94-455, § 1205, 90 Stat 1520 (1976); The American Heritage Dictionary 428 (1976). Webster's adds that the work is typically in a position below the executive level. Webster's New Collegiate

4

Dictionary 373 (1976).

In defining "officer," the Code cross-references, 1 U.S.C. § 1, which in turn defines an "officer" as "any person authorized by law to perform the duties of the office," unless the context indicates otherwise. 26 U.S.C. § 7701(p)(1)(4). Although § 7609(c)(2)(A) does not specify a particular office to which the definition of officer would apply, the meaning of officer is clarified by its relationship to "person," which includes corporation, company, and partnership. Thus, "officer" includes any person authorized by law to perform the duties of any office that exists within any of those entities. The Congress considering the 1976 tax reform law would have considered "office" to mean "a position of responsibility or some degree of executive authority." The American Heritage Dictionary 797 (1976); *see also* Webster's New Collegiate Dictionary 912 (1976) ("a position of authority, duty, or trust given to a person, as in a government, corporation, or other organization.").

"Service" does not have a uniform definition within the Code. It would have been understood in common usage to refer to the delivery of a document of legal effect in a manner prescribed by law. Webster's New Collegiate Dictionary 1059 (1976). Section 7603 prescribes the manner of service for summonses and requires that they be delivered "in hand to the person to whom they are directed, or left at his usual place of abode." 26 U.S.C. § 7603(a).Therefore, regardless of whether the "person" sought to be served is a live human or a juridical person, § 7603(a) requires service to a live human.

### IV. Analysis

Given these facts and definitions, MBM, as the sole managing member and TMP of MBOC, is an officer of MBOC with respect to the summons at issue. This interpretation is consistent with the interpretation applied by scholars of the Internal Revenue Code as well as the Internal Revenue Service itself. Internal Revenue Serv., Chief Counsel Advisory No.

200950044, Section 7602-Examination of Books and Witnesses (2009), *available at* 2009 WL 4730285 ("[I]f the entity taxpayer under audit is a TEFRA partnership, then a summons upon the Tax Matters Partner (TMP) for the TEFRA partnership years under examination would be treated by the IRS as a first-party summons. This is so even if the TMP for the partnership years under examination was no longer a managing partner or even a partner of the partnership at the time the summons was issued."); 6 Bryan E. Gates, Internal Revenue Manual, Abr. & Ann.§ 25.5.6.3.1.3 ("When the Service is investigating a business (such as a corporation, partnership, or sole proprietorship) and summonses officers or employees of the taxpayer-business in their capacity as officers or employees, those summonses are excepted from the third-party summons procedures by IRC 7609(c)(2)(A)."). The IRS's interpretation is arguably entitled to some small amount of deference in this case. *See Kornman & Associates, Inc. v. United States*, 527 F.3d 443, 455 (5th Cir. 2008) ("Reasonable agency interpretations that do not involve notice-and-comment carry at least some added persuasive force and may seek a respect proportional to [their] power to persuade." (citations omitted) (internal quotation marks omitted)).

  Moreover, delivery to Mr. Wiznia, in his capacity as duly authorized agent of MBM, did not transform this summons from a first-party summons into a third-party summons. The capacity in which an individual is delivered a summons has relevance for purposes of construing a summons under § 7609(c)(2)(A). *See United States v. Boulware*, 203 F. App'x 170, 171 (9th Cir. 2006) ("Boulware was not entitled to notice, as the summons was issued to his brother, Sidney Boulware, in his capacity as President of HIE, for the purpose of determining the liability of HIE."). Mr. Wiznia's role in this equation is simply that of a live human agent for MBM; MBM is the person upon which the summons was "served," as it is the person whose compliance it seeks to compel. As MBM is an officer of MBOC, there is no subject matter jurisdiction for this court to hear and determine whether the summons should be quashed.

Accordingly,

    IT IS ORDERED that the petition to quash summons is DISMISSED.

New Orleans, Louisiana, this 17th day of October, 2013.

                                       HELEN G. BERRIGAN
                                       UNITED STATES DISTRICT JUDGE